TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Heide Kurtz, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ANDREW C. SMITH,<br><br>Debtor. | Case No. 2:16-bk-21446-BR<br><br>Chapter 7 |
| HEIDE KURTZ, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD G. SMITH, individually and trustee of the Richard G. Smith Family Trust dtd 05-05-1998,<br><br>Defendant. | Adv. No. 2:16-ap-_____-BR<br><br>**COMPLAINT FOR DECLARATORY RELIEF, AVOIDANCE OF FRAUDULENT TRANSFER AND RECOVERY OF AVOIDED TRANSFER**<br><br>**[11 U.S.C. §§ 542, 544, 548 and 550]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1668<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA |

Plaintiff Heide Kurtz, Chapter 7 Trustee (the “Plaintiff” or “Trustee”) for the bankruptcy estate of *In re Andrew C. Smith* avers and complains, by way of this Complaint, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 542, 544, 548, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES

4. On August 29, 2016 (the "Petition Date"), Andrew C. Smith (the "Debtor") commenced this case by filing a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

5. Plaintiff, being duly-qualified, was appointed and presently is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

6. Plaintiff is informed and believes and based thereon alleges that defendant Richard Smith ("Richard") is an individual residing in Orange County, California and is subject to the jurisdiction of this Court.

7. Plaintiff is informed and believes and based thereon alleges that Richard is the father of the Debtor.

## GENERAL ALLEGATIONS

8. Plaintiff is informed and believes and based thereon alleges that on or about June 30, 2004, the Debtor and Richard acquired the real property located at 13354 Corsican Court, Chino, California 91710 (the "Property") as joint tenants via a Grant Deed recorded as Inst. No. 2004-0466651 in the San Bernardino County Recorder's Office.

9. Plaintiff is informed and believes and based thereon alleges that on or about December 10, 2015, the Debtor and Richard sold the Property to "Rory L. Irwin and Christa R. Irwin, Husband and Wife as Joint Tenants" via a Grant Deed recorded as Inst. No. 2015-0540565 in the San Bernardino County Recorder's Office.

10. Plaintiff is informed and believes and based thereon alleges that the foregoing sale resulted in net proceeds of $154,046.57 (the "Proceeds). A true and correct copy of the Settlement Statement dated December 10, 2015 from Escrow Closing Services, Inc. is attached hereto as **Exhibit A.**

11. Plaintiff is informed and believes and based thereon alleges that the Debtor caused or allowed to be transferred all of the Proceeds into Richard's Chase Bank account # xxxxxx6900 on or about December 10, 2015 (the "Transfer").

12. The Transfer was a transfer of an interest of the Debtor in the Proceeds.

13. The Transfer was made for no consideration.

14. On the Petition Date, the Debtor filed his Schedules of Assets and Liabilities (the "Schedules") and signed it under penalty of perjury.

15. According to the Schedules, as of the Petition Date, the Debtor's assets had a fair market value of only $116,089.00, all of which are claimed as exempt in Schedule C.

16. According to Schedules E and F, the Debtor had a number of debts at the time of the Transfer.

17. According to Schedules E and F, as of the Petition Date, there was $94,269.00 in claims against the Debtor.

18. At the time of the Transfer, the Debtor and his wife Sovannora Samantha Smith were in a dissolution proceeding before the Orange County Superior Court, Case No. 15D004768.

19. The Debtor reported the income and expenses of the Property in his 2015 federal income tax return.

20. The Debtor recognized the capital gain from the sale of the Property in his 2015 federal tax return.

21. The Debtor reported the income and expenses of the Property in his 2014 federal income tax return.

22. The Debtor reported the income and expenses of the Property in his 2013 federal income tax return.

23. The Debtor paid the mortgage payments for the Property from his Wells Fargo Bank account # xxxxxx2458.

24. The Debtor collected the rent from the Property.

**FIRST CLAIM FOR RELIEF**

(Declaratory Relief)

25. Plaintiff realleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

26. Plaintiff is informed and believes and based thereon alleges that although the Property was acquired by the Debtor and Richard as joint tenants, the Debtor was the equitable owner of the entire Property or at least a 50% interest in the Property as a co-owner.

27. An actual controversy has arisen and now exists between Plaintiff and Richard as to the ownership of the Property and the Proceeds.

28. A judicial determination is necessary and appropriate at this time to determine the extent of the Plaintiff's interest in the Property and the Proceeds pursuant to 11 U.S.C. § 541(a).

**SECOND CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfer Pursuant to
11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07)

29. Plaintiff realleges each and every allegation contained in paragraphs 1 through 28, inclusive, of this Complaint as if set forth fully herein.

30. Plaintiff is informed and believes and based thereon alleges that the Transfer was

made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

31. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the actual intent of the Debtor:

a. The Transfer was made to an insider.

b. The Transfer rendered the Debtor totally judgment proof as the Proceeds were the Debtor's main asset with value.

c. The Debtor received no consideration for the Transfer.

d. The Debtor was insolvent or became insolvent shortly after the Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

e. The Debtor had incurred substantial debts before and after the time of the Transfer.

32. Plaintiff is informed and believes and based thereon alleges that there was a creditor in existence at the time of the Transfer that holds an allowable unsecured claim against the Debtor.

33. The Transfer constitutes an avoidable transfer under California Civil Code §3439.04(a)(1), and is therefore avoidable by Plaintiff pursuant to 11 U.S.C. 544(b).

**THIRD CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfer Pursuant to
11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07)

34. Plaintiff realleges each and every allegation contained in paragraphs 1 through 33, inclusive, of this Complaint as if set forth fully herein.

35. Plaintiff is informed and believes and based thereon alleges that the Debtor made the Transfer to Richard without receiving a reasonably equivalent value in exchange for the Transfer.

36. Plaintiff is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor was engaged or was about to engage in a business or a

transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

37. Plaintiff is informed and believes and based thereon alleges that at the time the Debtor made the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

38. The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

**FOURTH CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07)

39. Plaintiff realleges each and every allegation contained in paragraphs 1 through 38, inclusive, of this Complaint as if set forth fully herein.

40. Plaintiff is informed and believes and based thereon alleges that the Debtor made the Transfer to Richard without receiving a reasonably equivalent value in exchange for the Transfer.

41. Plaintiff is informed and believes and based thereon alleges that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

42. The Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by the Trustee.

**FIFTH CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfer Pursuant to

11 U.S.C. §§ 548(a)(1)(A) and 550(a))

43. Plaintiff realleges each and every allegation contained in paragraphs 1 through 42, inclusive, of this Complaint as if set forth fully herein.

44. The Transfer was made within two years before the Petition Date.

45. Plaintiff is informed and believes, and based thereon alleges that the Transfer was made by the Debtor with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that the Transfer was made, indebted.

46. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the fraudulent intent of the Debtor:

a. The Transfer was made to an insider.

b. The Transfer rendered the Debtor totally judgment proof as the Proceeds were the Debtor's main asset with value.

c. The Debtor received no consideration for the Transfer.

d. The Debtor was insolvent or became insolvent shortly after the Transfer was made in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

e. The Debtor had incurred substantial debts before and after the time of the Transfer.

47. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) and is, therefore, avoidable by Plaintiff.

## SIXTH CLAIM FOR RELIEF

(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

48. Plaintiff realleges each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as if set forth fully herein.

49. Plaintiff is informed and believes and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfer.

50. Plaintiff is informed and believes and based thereon alleges that by virtue of the Transfer, the Debtor was insolvent or became insolvent as a result of such transfer in that the sum of the Debtor's debts exceeded all of the Debtor's nonexempt assets.

51. Plaintiff is informed and believes and based thereon alleges that by virtue of the

Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

52. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

53. Plaintiff is informed and believes, and based thereon alleges that by virtue of the Transfer, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

54. The Transfer constitutes a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) and therefore is avoidable by Plaintiff.

**SEVENTH CLAIM FOR RELIEF**

(To Recover Avoided Transfer - 11 U.S.C. § 550)

55. Plaintiff realleges each and every allegation contained in paragraphs 1 through 54, inclusive, of this Complaint as if set forth fully herein.

56. Plaintiff is informed and believes, and based thereon alleges, that Richard was the initial transferee of the Transfer, or that he was the individual for whose benefit the Transfer was made, or that he was the immediate or mediate transferee of the initial transferee receiving the Transfer.

57. Upon avoidance of the Transfer, Plaintiff is entitled to recover from Richard the property transferred or the value of the property transferred, for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. For a judgment that all or at least 50% of the Proceeds is property of the bankruptcy estate.

B. For a judgment by the Court avoiding the Transfer and recovering the Transfer or its value for the benefit of the Debtor's bankruptcy estate; and

C. For such other and further relief as the Court deems just and proper.

DATED: December 16, 2016

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Timothy J. Yoo*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Plaintiff
Heide Kurtz, Chapter 7 Trustee

# Exhibit A

ESCROW
CLOSING SERVICES INC.
p. 714-854-9344 · f. 714-854-9816
3060 SATURN STREET, STE 203, BREA, CA 92821

American Land Title Association

FINAL ALTA Settlement Statement - Seller

| | |
|---|---|
| Escrow No.: | 6251 - JT |
| Print Date & Time: | 12/10/2015 14:36 |
| Escrow Officer: | Julie Timmins |
| Settlement Location: | 3060 Saturn Street Ste. 203<br>Brea, CA 92821 |

| | |
|---|---|
| Property Address: | 13554 Corsican Court Chino, CA 91710 |
| Buyer: | Rory L. Irwin and Christa R. Irwin |
| Seller: | Andrew Smith and Richard Smith |
| Lender: | VIP Mortgage Inc |
| Settlement Date: | |
| Disbursement Date: | 12/10/2015 |

| | DEBITS | CREDITS |
|---|---|---|
| TOTAL CONSIDERATION | | $400,000.00 |
| **Prorations** | | |
| County Taxes @ $2,638.07 for 6 Months From 12/9/2015 Thru 12/31/2015 | | $337.09 |
| Association @ $114.00 for 1 Month From 12/9/2015 Thru 12/31/2015 | | $87.40 |
| **Adjustments to Charges** | | |
| Owners Policy Adjustment | $1,322.00 | |
| Transfer Tax Adjustment | $440.00 | |
| **Commissions** | | |
| TNG Real Estate Consultants | $10,000.00 | |
| Re/Max Cornerstone | $10,000.00 | |
| **Title Charges - Chicago Title** | | |
| [Total Title Charges: $89.90] | | |
| Wire/Messenger Fee | $27.40 | |
| Sub Escrow Fee | $62.50 | |
| **Recording Charges** | | |
| [Total Recording Charges: $14.00] | | |
| Interspousal Deed | $14.00 | |
| **Escrow Charges** | | |
| [Total Escrow Charges: $1,000.00] | | |
| Escrow Fee | $1,000.00 | |

| | DEBITS | CREDITS |
|---|---|---|
| **Expenses For Outside Services** | | |
| **[Total Expenses For Outside Services: $127.00]** | | |
| Messenger Fee | $82.00 | |
| Wire Fee | $25.00 | |
| Imaging/Technology Fee | $20.00 | |
| **Loan Payoff** | | |
| **1st Loan Payoff to: Flagstar Bank, F.S.B.** | $205,131.25 | |
| **[Total Payoff: $206,070.49]** | | |
| Interest @ $20.3700 Per Day From 11/1/2015 To 12/11/2015 | $835.17 | |
| Demand Fee | $59.07 | |
| Recording Fee | $45.00 | |
| **Additional Disbursements** | | |
| Disclosure Source | $89.00 | |
| Franchise Tax Board-50% withholding Richard Smith | $6,660.00 | |
| Termite to: Mercury Termite and Pest Control | $95.00 | |
| Home Warranty to: Fidelity National Home Warranty | $345.00 | |
| HOLD for interspousal deed stipulation | $10,000.00 | |
| **HOA** | | |
| **[Total HOA Charges: $125.53]** | | |
| HOA balance due to: Crystal Lane HOA | $0.53 | |
| Balance of Transfer Fee to: StoneKastle Community Management | $125.00 | |
| **Balance Due You** | $154,046.57 | |
| *Totals* | $400,424.49 | $400,424.49 |



Escrow #: 6251
Printed on 12/10/2015 at 02:36 PM